**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**DENVER DIVISION**

| | |
|---|---|
| **RANDAL ARMFIELD, individually and on behalf of all others similarly situated,** § § § | **Docket No. _____** |
| **Plaintiff,** § § | |
| vs. § § | **JURY TRIAL DEMANDED** |
| **SECURE ENERGY SERVICES USA, LLC; SECURE DRILLING SERVICES USA, LLC D/B/A MARQUIS ALLIANCE ENERGY GROUP USA, LLC** § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** § | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff RANDAL ARMFIELD files this Collective Action Complaint against Defendants SECURE ENERGY SERVICES USA, LLC and SECURE DRILLING SERVICES USA, LLC D/B/A/ MARQUIS ALLIANCE ENERGY GROUP USA, LLC (collectively "Defendants" or "Secure Energy") to recover the unpaid overtime wages owed to Defendants' Solids Control Technicians under federal law.

### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Plaintiff was a Solids Control Technician employed by Defendants. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. His written consent is attached as Exhibit A.

5. Plaintiff brings this action on behalf of himself and all other similarly situated Solids Control Technicians under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Plaintiff and is properly defined as:

> **ALL SOLIDS CONTROL TECHNICIANS EMPLOYED BY SECURE ENERGY SERVICES USA, LLC AND/OR SECURE DRILLING SERVICES USA, LLC D/B/A/ MARQUIS ALLIANCE ENERGY GROUP USA, LLC DURING THE PAST 3 YEARS. ("PUTATIVE CLASS MEMBERS" OR "FLSA CLASS")**

The members of the FLSA Class are ascertainable from Defendants' business records, particularly personnel records.

6. SECURE ENERGY SERVICES USA, LLC and SECURE DRILLING SERVICES USA, LLC D/B/A/ MARQUIS ALLIANCE ENERGY GROUP USA, LLC be served through its registered agent: Robert Skar, 555 17th Street, Suite 900, Denver, Colorado 80202.

## FACTUAL ALLEGATIONS

7. Plaintiff and all those similarly situated to him worked for Defendants as Solids Control Technicians throughout the United States.

8. Solids Control Technicians are blue collar workers. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield. Defendants require them to have strong mechanical skills.

9. While in the field, Solids Control Technicians regularly work more than 12 hours in a day, and more than 80 hours in a week. But Defendants did not pay Solids Control Technicians

overtime for hours worked in excess of 40 in a workweek. Instead, Defendant paid its Solids Control Technicians a monthly salary and a field bonus or day rate.

10.     As a result of Defendants' pay policies, Plaintiff and the FLSA Class were denied the overtime pay required by federal law.

11.     Defendants knew, or showed reckless disregard for whether, Plaintiff and the FLSA Class were entitled to overtime pay under federal law.

### COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings the claim under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

13.     The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime. They are all blue-collars workers entitled to overtime after 40 hours in a week. And like Plaintiff, the members of the FLSA Class work long hours.

14.     However, like Plaintiff, they were all paid in accordance with the same payroll practice which violated the FLSA.

15.     Thus, Defendants' Solids Control Technicians are similarly situated within the meaning of 29 U.S.C. § 216(b).

16.     Defendants employed a substantial number of Solids Control Technicians in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, Solids Control Technicians may work in different states across the country in the course of a given year.

17.     Absent a collective action, many members of the FLSA class likely will not obtain redress for their injuries and Defendants will retain the proceeds of its violations of the FLSA.

18. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
### Violation of the FLSA

19. Plaintiff incorporates the preceding paragraphs by reference.

20. At all relevant times, Defendants have been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

21. Defendants employed Plaintiff and each member of the FLSA Class.

22. Defendants pay policy denied Solids Control Technicians overtime for hours worked in excess of 40 per week.

23. Defendants' failure to pay Plaintiff and the FLSA Class overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

24. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendants FLSA violations, Plaintiff and the members of the FLSA Class are entitled to recover from Defendants their unpaid overtime compensation, an equal as liquidated damages, reasonable attorney fees, costs, and expenses of this action.

### JURY DEMAND

25. Plaintiff demands a trial by jury.

### PRAYER

WHEREFORE, Plaintiff prays for:

  a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Solids Control Technicians to permit them to join this action by filing a written notice of consent;

- 5 -

b. A judgment against Defendants awarding Plaintiff and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:*/s/ Michael A. Josephson*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew Dunlap
    Fed. Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay Itkin
    Fed. Id. 145886
    State Bar No. 24068847
    litkin@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com
    **ATTORNEYS IN CHARGE FOR PLAINTIFF**